### J. A. WOOLARD ET AL. V. GEORGE L. FAVORITE.

1. FAILURE TO PAY OVER MONEYS IS BREACH OF OFFICIAL BOND.
   Since the act of April 20, 1863, S. & S. 734, sec. 1218, Rev. Stat., the failure of a retiring sheriff to pay over to his successor in office all moneys received by him and remaining in his hands constitute a breach of his official bond.

2. DEMAND FOR PAYMENT MUST BE MADE.
   The failure of a sheriff, on the order of the court to pay out to the party entitled, moneys in his hands as such officer does not, alone, constitute a breach of his official bond so as to make the sureties thereon liable. To have such effect, the party entitled to payment must make demand or offer reasonable opportunity for such payment.

3. LIABILITY OF SECOND BOND FOR DEFAULT ARISING UNDER PRIOR BOND.
   A sheriff serving a single term under two bonds in force successively, failing to pay over to his successor in office, moneys received and remaining in his hands as such officer, at the expiration of his term, makes breach of his official bond; and the bond last in force is liable for such breach, unless it be affirmatively shown that such breach became absolute during the existance of the first bond.

ERROR to the Court of Common Pleas of Paulding County.

DAY, J.

Plaintiff's action in the lower court was predicated upon an alleged breach of the conditions of a sheriff's bond, and was to recover $178 and interest alleged to be due plaintiff from the she·iff and the sureties on his said bond, by reason of said breach.

The particular breach complained of consisted in failing and refusing to pay over to the person entitled to receive it or his successor in office moneys which came into his possession as said officer. Judgment is prayed against the sheriff and his securities on his official bond.

Three of the defendants, named Woolard, Atwill and Windiate made answer, the other defendant made default. The answer shows in substance that Swaine the sheriff whose official bonds are in question was elected sheriff of Paulding county at the general election in 1887 for the term commencing in January, 1888. That shortly before his induction into office in December, 1887, he duly gave an official undertaking which was accepted and approved with sureties other than the three answering defendants and under said bond said Swaine entered upon the duties of the said office of sheriff and continued to act in that behalf under said

bond until on September 22, 1888, when upon proper proceedings had, a new bond by the sheriff was required, given, duly accepted and approved with the answering defendants as sureties, that the said sheriff duly made a sale of real property on July 7th, which sale was by the court approved and confirmed on July 12, 1888, at which date the court ordered the sheriff to pay over the proceeds of the sale to the parties entitled according to the priorities then declared, and the residue, if any, to George L. Favorite who held the equity of redemption in the land sold, which order of the court for the payment of money to Favorite the said sheriff then and always omitted and failed to obey and perform and thereby and then failed to perform an official duty, whereby the sureties on his official bond became and are liable. The entire contention of the answering defendants based on the facts stated is in few words : That the breach of official duty for which the sheriff's sureties became liable occurred on July 12, 1888, and long before the answering defendants became sureties or assumed any liability at all, and for that reason the sureties on the original bond are alone liable.

A demurrer was sustained to this answer and the defendants not desiring to amend or further plead a judgment was entered on the petition for the plaintiff and against the answering defendants for the amount of the claim asserted with interest and the costs. This action of court did not content the answering defendants so they prosecute error and seek a reversal of the judgment because of prejudicial error, said to be manifest on the face of the record.

The only question presented is as to the propriety of the ruling and judgment of the lower court, upon the demurrer to the answer there is and can be no dispute or difference of opinion between counsel and the court as to the liability of the sureties on an official bond for a breach of official duty on the part of the sheriff, if the breach occurred during the existence of the bond ; or of non-liability if it occurred before or after the bond had a legal valid existence; and so in this case it becomes all important to ascertain and determine the precise date on which the breach became absolute ; if in July, then there was no second bond in existence, and the sureties on the original bond became alone liable ; if after September 22, 1888, the original bond having become invalid, the sureties on the second or new bond became alone liable.

The theory of the plaintiff in error is, that the order of the court to pay over moneys in the sheriff's hands to the party entitled, and an omission of the sheriff to do so, constituted such a breach of official duty as made the sureties on the then existing bond liable, and the 31st O. S. 378, is cited as authority for the contention. That authority does not sustain the claim. We think it has no application to the facts pleaded under the law as it now is. The facts upon which that decision was predicated arose prior to the passage of the act of April 30, 1868, S. & S. 734, when by law there was no duty resting on a sheriff to pay over moneys remaining in his hands to his successor in office. Then the sheriff dealt directly with and paid out money in his hands, on the order of the court, to the party entitled to receive it; and he could not acquit himself or his sureties, by paying to his successor, any more than by paying to a stranger. The act of April 30, 1868, changed all that and at all times since that date it has been the lawful duty of a sheriff, to pay over to his successor in office, all moneys remaining in his hands upon his retiring from office, and a failure to do so is an absolute breach of official duty, making the sureties on his bond liable. The act of April 30, 1868,

by subsequent codification has become sec. 1218, Rev. Stat., and was the law at the date of the transaction in this case. The section is as follows: Sec. 1218, "The sheriff upon retiring from office. shall pay over to his successor in office all moneys received by him, then remaining in his hands, and deliver to his successor in office all notes, mortgages, and other evidences of indebtedness, and all books, blanks, and stationery belonging to his office; and each sheriff shall demand and receive from his predecessor the books and papers aforesaid." The provision is mandatory; "He shall pay over to his successor all moneys received by him and remaining in his hands." And a failure to obey this mandate of the law would clearly be an infraction of a legal duty. This provision of the law however, would not prevent an absolute breach of duty prior to the date of expiration of the term of office. A complete breach might very well occur before that time. As for instance, in the case before us, if the party entitled to receive the residue, was present, fully identified as the proper person and was demanding payment of money rightfully his own, in the sheriff's hand; and the sheriff conceding the righteousness of the demand refused and omitted to pay over, such conduct would clearly, we think, constitute a complete breach of duty, making the officer and his sureties directly liable to an action on his official bond, but it was not the duty of the sheriff to pay out, even on the order of the court, in any event and under all circumstances, or at all, unless reasonable opportunity for payment was presented. If the party entitled to be paid, was absent or unidentified to the reasonable satisfaction of the sheriff, or if for any sufficient cause, the propriety of payment out was a matter of doubt with the officer, it would be his duty to withhold payment until his reasonable doubts were removed, and in doing so he would only be in the exercise of reasonable prudence and would not be guilty of any infraction of duty. None of these suggested facts, are made to appear in the answer. The only averment in the answer on this head is that on July 12th the court ordered the residue of the money paid out to the owner of the land and that the sheriff failed to and refused to pay the same. The burden is on the party seeking to avail himself of the fact of a breach to state all the facts, or sufficient facts to clearly show that a breach has occurred. In our opinion the answer does not do this. The facts stated are not sufficient to constitute a defense to the petition and the lower court did well to sustain the demurrer. We perceive no error in the record and the judgment is affirmed with costs.

*Snook & Wilcox*, for plaintiff in error.

*W. H. Phipps*, for defendant.